UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD DAVIS,<br><br>                    Movant,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 4:25-CV-04019-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING § 2255 MOTION |

Movant, Reginald Davis, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The matter was referred to Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designate to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Duffy recommended that this matter be dismissed with prejudice because Davis's § 2255 motion is untimely. Docket 3 at 3-4. Davis timely objects. Docket 4. Davis also moves for leave to supplement his § 2255 motion or, alternatively, for an evidentiary hearing. Docket 5. After conducting a de novo review of Davis's motions, the Report and Recommendation, and Davis's objection, the court issues the following order.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's Report and Recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil

Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

In her report, Magistrate Judge Duffy recommended that Davis's § 2255 motion be dismissed with prejudice because Davis filed his motion after the statute of limitations deadline. Docket 3 at 3-4. Magistrate Judge Duffy also did not apply equitable tolling to Davis's motion, explaining that "Davis offers up no facts from which the court can conclude that equitable tolling applies[.]" *Id.* at 4.

Davis objects to the magistrate judge's report and in an unsigned motion argues that equitable tolling should be applied. Docket 4 at 2-4. Davis states that the "facility's restrictive mailing policy and the delays caused by the return and resending of legal documents constitute an extraordinary circumstance that directly impacted Mr. Davis's ability to meet the statutory deadline." *Id.* at 3. Specifically, Davis blames the correctional facility's mailing policy that allows only five pages per envelope when receiving mail. *Id.* Because of this policy, Davis contends that he was unable to complete and submit the § 2255 motion before the required deadline. *Id.* As such, Davis explains that the delay in receiving his legal documents is an "institutional barrier that impeded his

access to necessary legal materials." *Id.* Finally, Davis argues that his "23-day" delay in filing the motion, along with his repeated efforts to follow up with legal contacts about the missing portions of his motion, shows he was diligent in pursuing his legal remedies. *Id.* at 3-4. Davis's arguments are unavailing.

      The Eighth Circuit has ruled that the one-year time limit for filing § 2255 motions can be extended through equitable tolling "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citations omitted) (importing the equitable tolling rules from the § 2254 context into the § 2255 context). "The one-year statute of limitation may be equitably tolled only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (alteration in original and citations omitted).

      "Equitable tolling is an 'extraordinary' remedy that 'affords the otherwise time-barred petitioner an exceedingly narrow window of relief.' " *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)); *Cf. Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) (denying equitable tolling of habeas petition filing deadline because the "prison's rule limiting inmates to two hours at a time in the library and requiring them to sign up for access in advance" was not an "extraordinary circumstance[] beyond a prisoner's control" because it was "not enough to make it impossible to file a [habeas] petition on time" (citation omitted)).

3

Additionally, "such extraordinary circumstances must not be attributable to the petitioner . . . and must be beyond a prisoner's control." *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (citations omitted). "Finally, '[t]he [movant] must also demonstrate he acted with due diligence in pursuing his [§ 2255 motion].' " *Id.* (quoting *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006)) (first alteration in original).

Here, Davis has failed to establish that an extraordinary circumstance prevented the timely filing of his § 2255 motion. Davis's alleged circumstance—delays in legal mail due to the prison's five-page-per-envelope mail policy—does not establish that it was impossible for him to file his § 2255 motion on time. *See Baker*, 321 F.3d at 771. Davis also fails to explain how the prison's mail policy prevented him from filing his § 2255 motion sooner. The mere existence of the prison's five-page-per-envelope mail policy "does not change the reality that [Davis was] free, at any time, to file [his] § 2255 [motion] after final judgment was entered and before the one-year statute of limitations period had expired." *E.J.R.E.*, 453 F.3d at 1098.

Furthermore, Davis has failed to explain or otherwise distinguish his circumstances from those ordinarily resulting from confinement. Pre-filing obstacles like the one Davis cites are common among "many if not most [§ 2255 movants], and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period." *Jihad*, 267 F.3d at 807. While a "significant delay" in delivering a prisoner's mail could support equitable tolling, Davis has not alleged that the delay here exceeded the

4

"ordinary time that it takes to deliver the mail." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (internal quotation marks omitted). Thus, Davis has failed to establish that extraordinary circumstances prevented him from timely filing his § 2255 motion. *See Jihad*, 267 F.3d at 806 (holding that the application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." (citation omitted)).

Even if Davis could demonstrate an extraordinary circumstance, he would not be entitled to equitable tolling because he failed to exercise reasonable diligence in pursuing his claim. *See Chachanko*, 935 F.3d at 630. "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Muhammad*, 735 F.3d at 816 (quoting *Holland*, 560 U.S. at 653.)

The Eighth Circuit has found that a § 2255 movant demonstrated reasonable diligence where he hired counsel well before the deadline, "did everything in [his] power to stay abreast of the status of his case," provided original documents to support the motion, filed a complaint with the state bar, and submitted motions to the district court requesting an extension of time and the return of documents from his attorney. *See Martin*, 408 F.3d at 1095.

Here, Davis states that he "consistently sought to obtain the full motion so that he could file it properly" and "repeatedly followed up with his legal contacts regarding the missing portions of his motion." Docket 4 at 3. Davis states that he "promptly submitted [the motion] to the Court" as soon as he

5

received the final version—albeit after the deadline. *Id.* at 3-4. But beyond following up with his legal contacts, Davis did nothing to ensure that he would file his § 2255 before the one-year deadline. Davis does not claim that he made any attempt to contact the court to explain his circumstances or to request an extension of time. *See Muhammad*, 735 F.3d at 817; *see also Martin*, 408 F.3d at 1095. Additionally, Davis's explanations suggest that, even after the deadline had passed, he did not file his § 2255 motion immediately; instead, he waited until after the one-year deadline to file the motion with the court. The level of diligence Davis has demonstrated falls short of what is required to establish reasonable diligence for equitable tolling purposes. *See Martin*, 408 F.3d at 1095; *see also Holland*, 560 U.S. at 653 (holding petitioner acted with reasonable diligence by repeatedly writing to his attorney, seeking his attorney's removal through the courts and state bar, and filing his own habeas petition the day he learned he was out of time). Thus, Davis's objection is overruled.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. 28 U.S.C. § 2253(c)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Davis has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

After conducting a de novo review, it is ORDERED:

1. That Davis's objection to the Report and Recommendation (Docket 4) is overruled.

2. That the magistrate judge's Report and Recommendation (Docket 3) is adopted.

3. That Davis's motion under 28 U.S.C. § 2255 (Docket 1) is dismissed with prejudice.

4. That Davis's motion for Leave to Supplement or, alternatively, for Evidentiary Hearing (Docket 5) is denied as moot.

5. That a certificate of appealability is denied.

Dated October 29, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE